CRONINGER PACKING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12981.   Promulgated November 19, 1928.

*H. Winfield Wright, Esq.*, for the petitioner.
*Arthur H. Murray, Esq.*, for the respondent.

347

OPINION.

Marquette: Section 234 (a) (7) of the Revenue Act of 1921 provides that in computing the net income of a corporation there shall be allowed as a deduction "A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of such property acquired before March 1, 1913, this deduction shall be computed upon the basis of its fair market price or value as of March 1, 1913."

The evidence in this proceeding shows that all of the petitioner's buildings were constructed or acquired by it prior to March 1, 1913; that their ages varied from 3 to 20 years at that date; and that by the year 1921 they had greatly deteriorated and were more or less obsolete for the packing business. The evidence also shows that on March 1, 1913, these buildings had a fair market value of at least $129,000, and that they had a useful life of not to exceed 20 years from that date. It is not necessary to go into a detailed discussion of the evidence on which we base our conclusion as to the fair market value of the buildings, further than to say that the value we have found is established by the testimony of several witnesses, three of whom are builders or real estate men who are familiar with the buildings and with other buildings and real estate values in Shamokin. The allowance for the exhaustion, wear and tear of the buildings in question should be computed at the rate of 5 per cent on $129,000.

With regard to the depreciation on the other property used in the petitioner's business, we think the rates claimed by the petitioner are not unreasonable and should be allowed. The evidence relative to the other property used in the petitioner's business satisfies us that the useful life of the petitioner's machinery, equipment, furniture and fixtures was not to exceed 10 years, and that the useful life of its auto trucks was not to exceed 3 years. The allowance for exhaustion, wear and tear of machinery, equipment, furniture and fixtures should, therefore, be computed at the rate of 10 per cent. The allowance for the exhaustion, wear and tear of auto trucks

348

should be computed at the rate of 33⅓ per cent. There appears to be no dispute between the parties hereto as to the basis for computing the allowances for these items.

*Judgment will be entered under Rule 50.*